COURT OF APPEALS
DECISION
DATED AND FILED

July 19, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2098-CR**

Cir. Ct. No. **2020CM371**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

NED GUERRA,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: PETER L. GRIMM, Judge. *Affirmed*.

¶1    GROGAN, J.[1]  Ned Guerra appeals from a judgment entered after a jury found him guilty of one count of disorderly conduct, contrary to WIS. STAT.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

§ 947.01(1), and two counts of violating state/county institution laws, contrary to WIS. STAT. § 946.73—all three counts included the repeater enhancer. Guerra argues that the circuit court erred in denying his motion to dismiss the charges in this action because there was, he asserts, a violation of his constitutional right to a speedy trial. This court affirms.

## I. BACKGROUND

¶2 On May 1, 2020, the State filed a criminal complaint against Guerra. The Complaint charged him with one count of disorderly conduct, with a repeater enhancer. The charge arose because Guerra and another inmate in the Fond du Lac County jail got into a physical fight.[2] On May 26, 2020, the circuit court held a plea and sentencing hearing but learned no plea agreement had been reached. At the hearing, the court noted that Guerra was held in the Fond du Lac County jail on felony child sexual assault charges in another matter—Fond du Lac County case No. 2019CF541. At the time, the 2019 sexual assault case was set for trial in September 2020. After an off-the-record discussion, the circuit court indicated that the parties agreed to schedule the plea and sentencing date for this 2020 misdemeanor disorderly conduct case in October 2020.

¶3 On August 4, 2020, Guerra filed a demand for speedy trial; therefore, the court moved the plea and sentencing date up to August 24, 2020, and the jury trial date up to August 25, 2020. On August 21, 2020, however, the State filed a motion to reschedule the trial because one of its necessary witnesses

---

[2] Both inmates were charged as a result of the fight.

2

would be unable to attend the trial due to a scheduling conflict.[3]  On August 24, 2020, the court addressed the State's motion to adjourn and ultimately found that good cause existed to adjourn the trial.  The court acknowledged Guerra's demand for a speedy trial when it stated that "the defendant has a far more serious felony case with very high cash bail and noting, as a matter of law, that he is not in custody for this case before the Court, so those factors do minimize any violation of the speedy trial statute[.]"  Further, the court stated that in "respecting the rights of a speedy trial" it would "try to find the next soonest date possible."  The trial was rescheduled for November 10, 2020.

¶4      On November 4, 2020, the State filed a motion to amend the Complaint in order to add two counts of violating state/county institution laws, both with a repeater enhancer.  On December 22, 2020, the circuit court held a hearing to address the State's motion to amend the Complaint, and the court granted the State's request.  On January 8, 2021, the State filed its Amended Complaint, and on February 4, 2021, the court arraigned Guerra on the new counts in the Amended Complaint.  Guerra entered "not guilty" pleas for the two added counts, and the court scheduled a hearing for March 3, 2021.

¶5      At a hearing on March 3, 2021, the State informed the court that "both parties [were] prepared for trial[,]" but it deferred to the court as to the scheduling of the matter in case there were other matters on the court's calendar for the next day, when the trial was to occur.  Guerra reinforced that he had a speedy trial demand pending.  In recognizing "the guarantees [of a] speedy trial,"

---

[3] The State's motion for a new date also argued that Guerra's speedy trial demand was moot because he was in custody for his 2019 felony case, not this case, and that Guerra refused to sign the $1,000 signature bond in this case.

the court informed the parties that "with the COVID-19[4] operating order, there are certain priorities and congestions on the docket which makes tomorrow's trial date not viable for this case to go forward" and adjourned the trial to September 16, 2021.

¶6      On June 4, 2021, Guerra filed a motion to dismiss and a few days later, on June 7, 2021, filed an amended motion to dismiss, arguing that his constitutional right to a speedy trial was violated because of the "prejudicial delay from the time of charging[.]"  The court held a hearing on June 17, 2021, to address Guerra's motion to dismiss.  Again, the court recognized the guarantees of a speedy trial while also emphasizing "a backlog of having to prioritize older cases with people in custody" due to "COVID restrictions and limitations."  Therefore, the court found that "there [was] no actual prejudice to Mr. Guerra" that "r[o]se to the level of a violation of the speedy trial because he's not in jail for this case … which mitigates the stress to another case and not this one."

¶7      The parties reconvened on September 15, 2021, and the State again deferred to the circuit court on whether the case should proceed to trial the following day.  Guerra reiterated that he would like to proceed to trial the next day.  However, the court indicated that there were a number of older cases set for

_____

[4] The World Health Organization declared a global pandemic of Coronavirus Disease 2019 (COVID-19) on March 11, 2020, due to widespread human infection worldwide.

Due to the COVID-19 pandemic, the Wisconsin Supreme Court issued a series of orders impacting the circuit courts—first suspending jury trials and then prohibiting the resumption of jury trials until the circuit courts created an operational plan that satisfied safety requirements set forth by the supreme court and had the plan approved by the chief judge of the district. *See In Re the Matter of Jury Trials During the COVID-19 Pandemic* (S. CT. ORDER issued March 22, 2020); *In Re the Matter of the Extension of Orders and Interim Rule Concerning Continuation of Jury Trials, Suspension of Statutory Deadlines for Non-Criminal Jury Trials, and Remote Hearings During the COVID-19 Pandemic* (S. CT. ORDER issued May 22, 2020).

trial but that it would make a decision later that day because of Guerra's speedy trial demand. Both parties appeared the next day, September 16, 2021, at which time the State informed the court that, while it was prepared to go to the trial, a separate matter was on the court's calendar for that day; therefore, the State requested an adjournment. Guerra requested that the trial begin, and if not, he renewed his motion for dismissal based on a violation of his constitutional right to a speedy trial. Once again the court recognized Guerra's speedy trial rights but also informed the parties that there were "older cases and other cases with crimes against persons that are higher priority and older, so this case, with regret, has to be bumped for good cause[.]" The same scenario played out when the trial was rescheduled for October 5, 2021. Namely, the State deferred to the court, Guerra argued the case should be dismissed "on speedy trial grounds," and the court denied the motion, scheduling the trial for February 17, 2022.

¶8    On January 6, 2022, Guerra filed another motion to dismiss on the grounds that his constitutional right to a speedy trial was violated due to "governmental delay." Specifically, Guerra alleged that it had "been twenty months since the Initial Appearance and seventeen months since [his] written demand for speedy trial, constituting a presumptively prejudicial delay." The circuit court held a hearing to address Guerra's motion to dismiss on February 11, 2022. Again, the court denied Guerra's motion to dismiss. It explained that it had "tried its best to keep the case rescheduled, in fact, on a timely basis on the trial calendar, and, unfortunately for Mr. Guerra, that there have been older cases and more serious cases that have taken precedent, and this case has been bumped, as [have] many others." Furthermore, the court emphasized that Guerra "need[ed] to be patient," and it found "no denial and no basis for his denial of a right to speedy trial under the circumstances[.]"

¶9      The case went to trial on February 17, 2022.  A jury convicted Guerra on all three counts, and the circuit court imposed a total of one-and-a-half years of initial confinement and six months of extended supervision.  He now appeals.

## II.  DISCUSSION

¶10     "Whether a defendant has been denied his constitutional right to a speedy trial presents a question of law, which this court reviews de novo, while accepting any findings of fact made by the circuit court unless they are clearly erroneous."  *State v. Urdahl*, 2005 WI App 191, ¶10, 286 Wis. 2d 476, 704 N.W.2d 324.

¶11     The Sixth Amendment to the United States Constitution and article I, section 7 of the Wisconsin Constitution guarantee an accused the right to a speedy trial.  *State v. Lemay*, 155 Wis. 2d 202, 210-11, 455 N.W.2d 233 (1990).  To determine whether an accused's right to a speedy trial has been violated, this court uses the four-part balancing test established in *Barker v. Wingo*, 407 U.S. 514 (1972).  Therefore, "[w]e consider (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant."  *Urdahl*, 286 Wis. 2d 476, ¶11.  This test is not a bright-line rule; instead, this court considers the totality of the circumstances to balance the "the conduct of the prosecution and the defense and balance[] the right to bring the defendant to justice against the defendant's right to have that done speedily."  *Id.*

### A.  Length of the Delay

¶12     The first factor—length of delay—is a triggering mechanism to determine if the delay is prejudicial.  *Urdahl*, 286 Wis. 2d 476, ¶12.  A post-accusation delay is presumptively prejudicial if the delay approaches one

year. *Id.* And, if the delay is presumptively prejudicial, it is necessary to look to the other three factors. *See State v. Borhegyi*, 222 Wis. 2d 506, 510, 588 N.W.2d 89 (Ct. App. 1998). It is undisputed that the length of the delay here—over twenty-one months between the Complaint and the trial—was presumptively prejudicial. *See Urdahl*, 286 Wis. 2d 476, ¶12. Therefore, this factor weighs against the State. This factor alone, however, is not determinative of a constitutional speedy trial violation; it "merely triggers further review of the allegation under the other three *Barker* factors." *Lemay*, 155 Wis. 2d at 213.

### B. Reasons for the Delay

¶13     The second factor directs this court to consider the reasons for the delay. As such, different reasons are assigned different weights. For instance, "[a] deliberate attempt by the government to delay the trial in order to hamper the defense is weighted heavily against the State, while delays caused by the government's negligence or overcrowded courts, though still counted, are weighted less heavily." *Urdahl*, 286 Wis. 2d 476, ¶26. Guerra alleges that "591 days or approximately 19 and a half months should be weighed against the State – with most of that weighed heavily."

¶14     As explained above, the State charged Guerra on May 1, 2020, and he did not file his demand for a speedy trial until August 4, 2020. At the August 24, 2020 plea and sentencing hearing, the State requested an adjournment because one of its necessary witnesses would be unavailable for trial, which the court granted. It rescheduled the plea and sentencing hearing for November 9, 2020, with the trial to begin the following day. The time period between August 24, 2020, and November 9, 2020, is not counted because it was due to witness unavailability. *See Urdahl*, 286 Wis. 2d 476, ¶26 ("On the other hand, if

the delay is caused by something intrinsic to the case, such as witness unavailability, that time period is not counted.").

¶15 Most of the remaining delays were caused by the circuit court's calendar. The delay between the November 9, 2020 plea and sentencing hearing and the December 22, 2020 motion hearing was caused by the court having another trial that took priority over Guerra's. Next, at the December 22, 2020 hearing, the court heard the State's motion to amend its complaint and addressed Guerra's speedy trial demand while making the parties aware that the court had a significant "backlog of trials" and "COVID issues." Thus, the matter was adjourned to March 3, 2021. When the parties appeared at the March 3, 2021 hearing, the court informed them that due to its congested calendar as a result of COVID-19, the matter was adjourned to September 16, 2021. On September 16, 2021, the parties appeared, but the court had to adjourn the matter to October 4, 2021, because another matter took priority. Again, the court acknowledged Guerra's speedy trial demand and stated, "I do have the utmost respect for Mr. Guerra and his right for a speedy trial.… And we're here because I keep putting him at the next open trial date," but the court had "higher priority and older" cases. The parties appeared on October 4, 2021, and again on the following day for trial, but the court informed the parties that a different case took priority. Guerra moved to dismiss the matter on the grounds that the delay violated his right to a speedy trial. The court found that Guerra failed to show he was prejudiced by the delay, and as such, it denied the motion. The court rescheduled the matter for a jury trial on February 17, 2022. The jury trial took place on February 17, 2022. Most of these delays occurred for valid reasons such as the circuit court's

"backlog from COVID[.]"[5] To the extent these delays can be attributed to the State, this court does not weigh them heavily.[6]

¶16 Guerra disputes the State's position that the delays were tied to COVID-19/calendar congestion and instead asserts that the circuit court exhibited "a cavalier disregard of [his] right to a speedy trial[.]" The Record does not support Guerra's claim. This court's review of the Record reveals no evidence that the circuit court demonstrated "a cavalier disregard[.]" Instead, each transcript adjourning a trial date shows the court acknowledging Guerra's speedy trial right and making attempts to hold his trial at the earliest possible date. Although the court and the State were responsible for most delays, the Record demonstrates that these delays were due to the court's congested calendar and the COVID-19 pandemic and its significant impact on the judicial system. Therefore, although this factor is weighted against the State, it is not weighted heavily. *See Urdahl*, 286 Wis. 2d 476, ¶32 ("[S]ince the delays during that time period were due to the court's calendar, the reason for delay is not heavily weighted against the State.").

---

[5] The circuit court explained it was "working very hard to clean up the backlog from COVID," that it had to prioritize older cases involving crimes against persons, and it was trying as many cases as it could.

[6] Guerra's contention that the circuit court's adjournments were *not* the result of court congestion and/or COVID-19 is flatly refuted by the Record in this case. The Record conclusively demonstrates that the circuit court made every effort to accommodate Guerra's speedy trial demand. As one example, the court informed Guerra that it "respect[s] Mr. Guerra's speedy trial demand. [It] honor[s] the Constitution, [it] believes in it, but [it] only ha[s] so many trial days[.]"

## C. *Assertion of the Right*

¶17 The third factor—the defendant's assertion of his right to a speedy trial—is not in dispute. On August 4, 2020, Guerra filed his demand for a speedy trial, and at each hearing thereafter, he maintained his speedy trial demand. The only dispute arises with respect to the 116-day period from the filing of the Complaint and Guerra's demand. Guerra contends that he "made his assertion clear as can be[,]" so this factor should "weigh[] heavily against the State." In contrast, the State alleges that even though the Complaint was filed on May 1, 2020, Guerra did not demand a speedy trial until August 4, 2020. Therefore, the period of 116 days "was not the fault of the State[,]" and this court should either weigh Guerra's delay in demanding a speedy trial against him or, if it is attributed to the State, at least not weigh it heavily. It is clear that Guerra asserted his right to a speedy trial when he filed the demand on August 4, 2020. This factor favors Guerra, with the exception of the time before the demand not being weighted heavily against the State.

## D. *Prejudice*

¶18 The fourth and final factor is prejudice to the defendant. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." ***Barker***, 407 U.S. at 532. Three such interests include: "prevention of oppressive pretrial incarceration, prevention of anxiety and concern by the accused, and prevention of impairment of defense." ***Urdahl***, 286 Wis. 2d 476, ¶34.

¶19 Guerra conceded that the first interest—prevention of oppressive pretrial incarceration—favors the State. As the circuit court noted, during the entire time period at issue here, Guerra was in custody on a felony child sexual

assault case. The felony case had a significant cash bond, which Guerra was unable to post. Thus, Guerra's pretrial incarceration was not prejudicial.

¶20     Next, Guerra alleges that the prevention of anxiety and concern is a relevant factor because he was facing a disorderly conduct count with a repeater enhancer, exposing him to up to two years of imprisonment. And, he alleges that the addition of the two counts of violating state/county institution laws, both with a repeater enhancer, "tripled his exposure to six years [of] incarceration." Guerra also contends that at the June 17, 2021 motion to dismiss hearing, the circuit court acknowledged that exposure regarding these misdemeanors "can be stressful and anxiety provoking." But, Guerra's understanding of the circuit court's acknowledgement is too limited because later in that same hearing, the circuit court denied any prejudice toward Guerra. The court stated: "what I find most convincing is that there is no actual prejudice to Mr. Guerra … he's in jail anyways for something else, which mitigates the stress to another case and not this one." And, at the February 11, 2022 motion hearing, the court stated:

> Bottom line, Mr. Guerra has been stuck in our county jail on a very serious sexual assault charge with high cash bail, so any stress or anxiety that would fall to this case would be minimal, de minimis at best, so I give zero weight to Mr. Guerra's perceived anxiety or uncertainty about a misdemeanor case, especially in light of a quarter million cash bail on a sexual assault charge.

This court agrees with the circuit court that little weight should be attributed to this interest because the anxiety and concern due to delays in this misdemeanor case

11

were minimal as compared to the charges Guerra faced in his pending child sexual assault case.[7]

¶21  Finally, Guerra alleges that the delay impaired his defense because his defense at trial was self-defense, which required a sharp memory, and he was concerned that the memories faded every time the trial court "canceled and rescheduled his trial." "Impairment of defense is present[:] (1) 'if witnesses die or disappear during a delay,' (2) 'if defense witnesses are unable to recall accurately events of the distant past,' or (3) if a defendant is 'hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense.'" *Scarbrough v. State*, 76 Wis. 2d 87, 98, 250 N.W.2d 354 (1977) (citation omitted). Despite the significant delay, the Record does not indicate that the *Scarbrough* concerns impacted Guerra's trial. All the witnesses were still available, and none expressed any problems with recollection.[8] Guerra was the only witness called in the defense's case, and he did not assert a lack of memory or inability to prepare his defense. A DVD recording of the entire incident from a

---

[7] Guerra argues that the existence of the felony child sexual assault case did not eliminate anxiety associated with this case. He contends the felony case may have been weak or the defense in that case may have been strong. There is no indication that Guerra asserted this contention in the circuit court, and there is nothing in the Record to support his claim. To the extent Guerra wants this court to conclude that the ultimate dismissal of the child sexual assault case almost three years after it was filed (and four months after the trial in this case) somehow renders the circuit court's prior "anxiety" findings erroneous, this court has no basis to do so. The fact remains that at the time the circuit court made its decision, Guerra faced felony child sexual assault charges.

[8] The inmate who fought with Guerra was available to testify, but both the State and Guerra declined to call him as a witness.

jail surveillance camera existed (and was played for the jury),[9] mitigating any claim of faded memories.

¶22 Further, at the February 11, 2022 motion to dismiss hearing, the circuit court stated that generally, when cases are delayed, "it's the prosecutor's case who gets weakened. If witnesses can't remember anything or don't have facts, then the jury has no facts to find someone guilty.... [T]he delay of the case works to the benefit of the defendant when the State can't meet the burden of proof." Guerra has given this court no reason to disagree with the circuit court.[10] As such, this court attributes little weight to this interest.

### III. CONCLUSION

¶23 Balancing the four *Barker* factors, this court concludes that Guerra's right to a speedy trial was not violated. Although the length of delay was presumptively prejudicial and Guerra asserted his right to a speedy trial, the reasons behind the delays are not weighted heavily against the State because they were mainly attributable to the court's congested calendar and COVID-19. Finally, there is no evidence that Guerra was prejudiced by the delay. Therefore, the circuit court did not err in denying Guerra's motion to dismiss, and this court affirms the judgment.

---

[9] The DVD contained only video of the incident as the jail surveillance system recorded only video, not audio.

[10] Guerra then points to the fact that the felony case was dismissed in June 2022 and asks this court to take judicial notice of the felony dismissal. Although this court may take judicial notice of the dismissal, without any other information surrounding that case, it does not impact this court's analysis.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.